**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| WENDELL FRANKLIN, | : | Case No. 1:24-cv-579 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| RON HALL'S FAMOUS FINAL | : | |
| CLEANING COMPANY, | : | |
| | : | |
| Defendant. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 7). Defendant failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 7) is **GRANTED IN PART**.

### FACTS

Plaintiff Wendell Franklin worked for Defendant Ron Hall's Famous Final Cleaning Company from approximately February 2023, until June 28, 2023. (Compl., Doc. 1, ¶ 15.) As a cleaner, Plaintiff was required to report to Defendant's office at 6:00 AM each workday. (*Id.* at ¶ 9.) Upon arrival, Plaintiff would begin work by performing activities such as cleaning and organizing work trucks. (*Id.*) Plaintiff would then drive the work truck to the job site at around 8:00 AM. (*Id.*) After finishing his duties at the jobsite, Plaintiff would then return the work truck to Defendant's office and unload the

equipment. (*Id.* at ¶ 12.) Plaintiff was required to manually track the hours he worked. (*Id.* at ¶ 11.) Defendant, however, did not allow Plaintiff to track the time he worked before reaching the job site, nor the time returning and unloading the truck at the office. (*Id.* at ¶ 12.)

## PROCEDURAL POSTURE

Plaintiff filed his Complaint on October 15, 2024, bringing claims for Failure to Pay Minimum Wage under Federal and Ohio law, Untimely Payment of Wages, and Civil Damages for a Criminal Act. (*See* Compl., Doc. 1.) The Court issued a Summons to Defendant on December 16, 2024. (Summons, Doc. 3, Pg. ID 11.) The Summons was served on Defendant on January 12, 2025. (Affidavit of Service, Doc., 4, Pg. ID 14.) Since Defendant failed to respond to the Complaint, Plaintiff applied for an Entry of Default (Application, Doc. 5), which the Clerk of Court entered. (Entry of Default, Doc. 6.) Plaintiff then moved for Default Judgment on March 5, 2025. (Motion, Doc. 7.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such a showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the Court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint,

except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

When deciding whether to grant a motion for a default judgment, the Court must satisfy itself that the facts in the complaint state a claim for relief against the defendant. *See Kuhlman v. McDonnel*, No. 1:20-CV-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-CV-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

Plaintiff seeks a default judgment against Defendant, along with damages, liquidated damages, attorney's fees, and reasonable costs. (Motion, Doc. 7, Pg. ID 30.) The Court will address each of Plaintiff's claims for a default judgment in turn.

### I. Failure to Pay Minimum and Overtime Wage Claims

Plaintiff brings claims for Unpaid Minimum and Overtime Wages under the Fair Labor Standards Act ("FLSA") and Ohio law. The FLSA requires an employer to pay an employee an established hourly minimum wage for up to 40 hours per work week. 29 U.S.C. § 206(a). It also requires an employer to pay an employee one and a half times the regular rate for any hours exceeding 40 in a work week. 29 U.S.C. § 207(a)(1). "Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and

3

overtime compensation provisions." *Heard v. Nielson*, No. 1:16-CV-1002, 2017 U.S. Dist. LEXIS 85057, at *5 (S.D. Ohio, June 2, 2017); *see also* Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02-03. Accordingly, the Court will analyze these claims together. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007).

"The elements of an FLSA claim are 'simply' a failure to pay overtime and/or minimum wages to covered employees . . . in accordance with the FLSA." *Love v. Fleshman Masonry, Ltd.*, No. 3:13-CV-183, 2013 U.S. Dist. LEXIS 150928, at *9-10 (S.D. Ohio Oct. 21, 2013). Here, Plaintiff has satisfied all the requirements of his failure to pay minimum wage and overtime claims. Defendant employed Plaintiff. (Compl., Doc. 1, ¶ 8.) Defendant then failed to pay Plaintiff minimum wage for the hours he worked. (*Id*. at ¶ 21.) Defendant also failed to pay Plaintiff one and a half times his regular wage for the time he worked more than 40 hours per week. (*Id*. at ¶ 22.) Considering these allegations as admitted, the Court finds that Plaintiff adequately stated his failure to pay minimum and overtime wage claims. Thus, Plaintiff is entitled to an entry of default judgment on these claims.

## II. Untimely Payment of Wages

Plaintiff's next claim is for the untimely payment of wages under Ohio law. (Compl., Doc. 1, ¶¶ 30-35.) Ohio Revised Code § 4113.15(b) provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday, . . . the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

The statute defines "employer" as "an individual, firm, partnership, association, or

4

corporation." Ohio Rev. Code § 4113.15(D)(4). Plaintiff asserts that Defendant, an employer under Ohio law, has failed to pay Plaintiff for wages more than 30 days beyond his regularly scheduled payday. (Compl., Doc. 1, ¶ 33.) Accordingly, Plaintiff has also satisfied the requirements of an untimely payment of wages claim and is entitled to an entry of default judgment.

### III.    Requested Relief

Turning now to Plaintiff's requested relief, he seeks $3,856.47 and interest for damages, $3,856.47 for liquidated damages, and $6,249.75 combined in attorney's fees and reasonable costs. (Motion, Doc. 7, Pg. ID 30.) However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj*, 331 F. App'x at 355. The district court must instead conduct an inquiry to determine the amount of damages with reasonable certainty. *Id.* "Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 U.S. Dist. LEXIS 129260, at *3 (S.D. Ohio Nov. 7, 2011).

### a.   Damages

An employee bringing a suit under the FLSA bears the "burden of proving that he performed work for which he was not properly compensated." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quotation omitted). "Estimates may suffice under this

standard because 'an inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'" *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. 2020) (quoting *Monroe*, 869 F.3d at 412). Thus, an employee can satisfy this burden "if he proves that he has in fact performed work for which he was improperly compensated and . . . produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id*. (quotation omitted).

Given that Defendant defaulted, Plaintiff cannot access his pay and time records. Plaintiff has instead provided a declaration referencing the hours he worked during his employment with Defendant. (*See* Franklin Decl., Doc. 7-1.) Plaintiff further provides numerous text messages between him and his supervisor, referring to the times where Plaintiff came to and left work. (*Id*. at Pg. ID 37-99.) And, Plaintiff asserts that his wage was $13.00 an hour. (*Id*. at Pg. ID 33.) With the information at hand, Plaintiff estimated his lost wages to be approximately $3,856.47. (Motion, Doc. 7, Pg. ID 30.) Plaintiff, however, provides no explanation on how he estimated the number of hours worked, how many of those hours were overtime, or a formula calculating his total lost wages. Without this information, the Court is unable to confirm Plaintiff's estimation with reasonable certainty.

Turning next to Plaintiff's requested liquidated damages, an employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff also seeks $3,856.47 in

6

liquidated damages. (Motion, Doc. 7, Pg. ID 30.) But, since Plaintiff has not specified the amount of unpaid minimum or overtime wages, the Court is again unable to confirm this estimation with reasonable certainty.

### b. Attorney's Fees

The FLSA permits a plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Thus, Plaintiff is entitled to attorney's fees, so long as they are reasonable. Courts use the lodestar method to determine an award of reasonable attorney's fees. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-CV-308, 2013 U.S. Dist. LEXIS 26144, at *4 (S.D. Ohio Feb. 26, 2013) (citing *Imwalle*, 515 F.3d at 551). The key requirement "is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553 (quotation omitted).

### i. Reasonably Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other

7

markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983). Plaintiff seeks $275.00 per hour for an attorney with approximately six years of experience. (Gleason Decl., Doc 7-2, Pg. ID 101-02.) The Court finds Plaintiff's counsel's requested hourly rate reasonable. *See, e.g., Whaley v. Asset Mgmt. Servs. Grp., LLC*, 2:16-CV-375, 2016 U.S. Dist. LEXIS 146202 at *7 (S.D. Ohio Oct. 21, 2016) (finding that an hourly rate of $275 for an attorney with 30 years' experience to be reasonable).

### ii. Reasonable Number of Hours

When determining the reasonable number of hours worked, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 U.S. Dist. LEXIS 26144, at *6 (quoting *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). Plaintiff's counsel maintains that he billed 5.05 hours working on this case. (Gleason Decl., Doc 7-2, Pg. ID 102.) Plaintiff's counsel provided a detailed Activity Report itemizing each action he performed, and the time expended on every action. (*Id.*) The Court finds that the documentation provided in support of counsel's hours is sufficiently detailed to support a conclusion that these hours were actually and reasonably expended. Accordingly, the number of hours expended by Plaintiff's counsel is reasonable.

### iii. The Lodestar Amount

The lodestar method results in a finding that the rates sought by Plaintiff's counsel

8

and hours expended are reasonable. The total cost of attorney's fees Plaintiff requests is $1,388.75. (Gleason Decl., Doc 7-2, Pg. ID 102.) Plaintiff, however, "seeks reimbursement of his attorney's fees and reasonable costs in the amount of $6,249.75." (Motion, Doc. 7-1, Pg. ID 30.) Since Plaintiff only provides documentation detailing $1,388.75 of attorney's fees, the remaining value of Plaintiff's requested relief must be reasonable costs, totaling $4,861. But, Plaintiff fails to explain the source of these costs. Thus, the Court will delay its award of damages until it can review additional documentation.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Default Judgment is **ENTERED** for Plaintiff against Defendant; and

2. Plaintiff **SHALL FILE**, within twenty-one (21) days of this Order, additional documentation itemizing Plaintiff's reasonable costs and the estimated hours and wages worked by Plaintiff from February 2023, until June 28, 2023.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND